HAWKEYE OIL COMPANY, Appellant, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellee.

**RAILROADS:** Accidents at Crossings—Negligence Per Se. A driver of a conveyance who, without any diverting circumstances existing, goes upon a railway crossing with his face toward a closely approaching train which he might see for several hundred feet by the mere act of looking, is guilty of negligence *per se.*

*Appeal from Winneshiek District Court.*—H. E. TAYLOR, Judge.

APRIL 1, 1924.

ACTION for damages to plaintiff's truck, resulting from a collision with defendant's railway train at a highway crossing. The answer was a general denial. At the close of the evidence, the trial court directed a verdict for the defendant, on the ground of contributory negligence of plaintiff's driver. The plaintiff appeals.—*Affirmed.*

*Goheen & Goheen* and *E. R. Acres,* for appellant.

*Frank Sayre* and *Hughes, Taylor & O'Brien,* for appellee.

EVANS, J.—The crossing in question is located one mile west of Calmar, on the defendant's railway extending west from such town. The highway was a well kept graveled road, in good condition. The plaintiff's truck carried a gasoline tank, and was in charge of an experienced driver. The collision occurred at 4:15 P. M. on June 29, 1922. The day was calm and clear, and no diverting circumstances of weather or darkness attended the accident. The train of defendant which was involved in the collision was a regular passenger train, running west, fifteen minutes late. The plaintiff's truck driver approached the crossing from the west and southwest. For some distance west of this crossing, the highway runs parallel with the railway and on the south side thereof at a distance of about 150 feet. At a point about 200 feet from the crossing, the course of the highway changes from east to northeast at an angle of 45 degrees. Such is its course as it crosses the railway track from southwest to northeast. At a point 1,000 feet to the northwest of the crossing, a farmer in his cornfield observed the approach of truck and train toward this crossing and toward each other, and became plaintiff's eyewitness to the collision. He observed the truck moving at the rate of 18 or 19 miles per hour until it came to within a short distance of the crossing, when its speed was reduced to 10 miles an hour. He observed the train also approaching at the rate of about 45 miles an hour. The trial court ordered a directed verdict for the defendant, on the ground that the truck driver must have attempted to make the crossing when the on-coming train was close upon him, and must have been in his plain view for an appreciable time. It is earnestly urged on behalf of the plaintiff that the topography of the ground was rolling, and that the train came through a cut shortly before reaching the crossing, and that the topography of the ground was such as to impede the hearing of warning signals, if any; in short, that the crossing was a peculiarly dangerous and difficult one.

The record has its quota of photographs taken by each side. They do not conflict with each other, but are mutually supple-

mentary. They show quite conclusively the lines of vision as between the approaching vehicles. It appears therefrom that at any point upon the highway within 75 feet of the crossing, the truck driver had a clear view of the track for from 300 to 400 feet, and that for such distance a man standing upon the track could have been observed by him; and that the defendant's train, the engine and cars of which were from 11 to 15 feet high, was plainly visible for a considerably longer distance. As he approached the crossing, his face was toward the train, so that he was put to no difficulty of looking about or behind.

It must be said, therefore, that the physical facts appearing are conclusive against the plaintiff, and disclose without question that the driver could have discovered the on-coming train by merely looking for it, and that he ought to have so discovered it. The trial court, therefore, properly directed the verdict, and its order must be affirmed.—*Affirmed.*

ARTHUR, C. J., PRESTON and FAVILLE, JJ., concur.